ORIGINAL

FILED
MAR 6 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**LAUREATE EDUCATION, INC.**

**Plaintiff,**

**V.** **No. 08-132 T**

**THE UNITED STATES OF AMERICA**

**Defendant.**

## COMPLAINT

1. Laureate Education, Inc. (formerly known as Sylvan Learning Systems, Inc.) is the Plaintiff in this suit. Plaintiff is a corporation incorporated in Maryland with its principal place of business at 650 S. Exeter Street, Baltimore, Maryland 21202 and was the common parent of an affiliated group of corporations that filed consolidated federal income tax returns for the year 1997. The consolidated federal income tax return for 1997 constitutes the subject of this suit. Plaintiff's employer identification number is 52-1492296, and this employer identification number is shown on its 1997 tax return.

2. The Defendant is the United States of America.

## I. JURISDICTION

3. This is a suit arising under the internal revenue laws of the United States for the refund of income taxes and interest that have been erroneously and illegally assessed against and collected from Plaintiff.

4. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1491, and by Title 26, United States Code, Sections 6532 and 7422.

## II.
## ADMINISTRATIVE PROCEDURES

5. Plaintiff has complied with all administrative procedures and other precedent to filing this cause of action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

6. On September 15, 1998, Plaintiff timely filed its federal income tax return for the tax year ending December 31, 1997 (the "1997 Original Return"), with the Baltimore Internal Revenue Service office (the "Baltimore Office"). Plaintiff timely paid a total of $40,448 in federal income tax with respect to its tax year ending December 31, 1997, in the amounts and on the dates, and at the places set forth on Exhibit 1 hereto, and such total amount of $40,448 is the amount of tax paid shown on the 1997 Original Return. The name and address of the taxpayer shown on the 1997 Original Return are Sylvan Learning Systems, Inc., 1000 E. Lancaster Street, Baltimore, Maryland 21202. The employer identification number of the taxpayer shown on the 1997 Original Return is 52-1492296.

7. Plaintiff's books of account in 1997 were maintained and its tax return filed on the accrual method of accounting. Plaintiff's 1997 taxable year ended on December 31, 2007.

8. On February 23, 2006, the Commissioner of the Internal Revenue Service (the "Commissioner"), mailed a notice of deficiency for the tax year ended December 31, 1997 to Plaintiff asserting a deficiency in the amount of $8,103,322 (the "Notice of Deficiency").

9. On May 23, 2006, Plaintiff paid the sum of $14,756,919. This sum consisted of $8,103,322 of tax (the "Contested Tax") and $6,653,597 of interest (the "Interest Payment") to the Internal Revenue Service (the "IRS") by wire transfer.

10. On August 28, 2006, the IRS refunded $773,028 of the Interest Payment to Plaintiff.

11. On May 23, 2006, the IRS recharacterized $4,726 of the Interest Payment as a civil penalty for failure to properly file a Form 1099 unrelated to the subject matter of this suit.

12. On October 26, 2006, Plaintiff filed a Form 1120X, Amended U.S. Corporation Income Tax Return and Exhibit A thereto (the "1997 Claim for Refund"), with the Philadelphia Service Center, at Philadelphia, Pennsylvania (the "Philadelphia Service Center"). The name and address of the taxpayer shown on the 1997 Claim for Refund are Laureate Education, Inc. (f/k/a Sylvan Learning Systems, Inc.), 1001 Fleet Street, Baltimore, Maryland 21202. The Plaintiff's employer identification number shown on the 1997 Claim for Refund is 52-1492296. A copy of the 1997 Claim for Refund is attached as Exhibit 2 hereto.

13. On July 30, 2007, the IRS proposed a full disallowance of the claims in the 1997 Claim for Refund. Plaintiff has not waived the notice of disallowance with respect to the 1997 Claim for Refund, and, accordingly, this action is timely commenced with respect to the 1997 Claim for Refund. Except as described in this paragraph, no action on the 1997 Claim for Refund has been taken by Congress or by any department or agency of the United States or in any judicial proceeding, including any proceeding in the Tax Court of the United States.

14. On June 29, 2007, Plaintiff filed with the Philadelphia Service Center a Form 1120X, Amended U.S. Corporation Income Tax Return and Exhibit A thereto (the "Amended 1997 Claim for Refund"), which amended the 1997 Claim for Refund. The name and address of the taxpayer shown on the Amended 1997 Claim for Refund are Laureate Education, Inc. (f/k/a Sylvan Learning Systems, Inc.), 1001 Fleet Street, Baltimore, Maryland 21202. The Plaintiff's employer identification number shown on the Amended 1997 Claim for Refund is 52-1492296. A copy of the Amended 1997 Claim for Refund is attached as Exhibit 3 hereto.

15. More than six months has elapsed since the Amended 1997 Claim for Refund was filed, and no action has been taken by the IRS with respect to the claims therein. Plaintiff has not waived the notice of disallowance with respect to the Amended 1997 Claim for Refund, and, accordingly, this action is timely commenced with respect to the Amended 1997 Claim for Refund. No action on the Amended 1997 Claim for Refund has been taken by Congress or by any department or agency of the United States or in any judicial proceeding, including any proceeding in the Tax Court of the United States.

16. All conditions precedent to Plaintiffs' recovery under the claims asserted herein have occurred or have been performed.

## III.
## COUNT 1

**(Taxable Year Ending December 31, 1997)**

**(Nonrecognition)**

17. Plaintiff incorporates by reference paragraphs 1 through 16 above.

18. On March 12, 1997, Plaintiff entered into a definitive agreement (the "Agreement") with National Education Corporation ("NEC") to acquire all of the stock of NEC.

19. On April 14, 1997, the Board of Directors of Harcourt General, Inc. ("Harcourt") approved the commencement of a cash offer for all of the stock of NEC.

20. On April 21, 1997, Harcourt commenced the unsolicited cash tender offer for all of the outstanding common shares of NEC.

21. On May 12, 1997, Harcourt entered into an Agreement and Plan of Merger with NEC.

22. As a result of the actions of Harcourt and NEC, Plaintiff's Agreement was destroyed, and Plaintiff's Agreement was compulsorily or involuntarily converted within the

meaning of Section 1033 of the Internal Revenue Code of 1986, as amended and in effect in 1997 (the "Code"), on May 12, 1997.

23. In connection with the destruction of the Agreement, NEC paid Plaintiff $30,000,000 (the "Payment") on May 12, 1997.

24. On its 1997 Original Return, timely filed with the Baltimore Office, Plaintiff properly excluded the Payment from its gross income on the basis that the Agreement was compulsorily or involuntarily converted into money, qualifying the Payment for nonrecognition treatment under Section 1033(a)(2) of the Code.

25. On December 29, 1999, Plaintiff acquired all of the stock of The Canter Group of Companies, a corporation (the "Replacement Property"), for consideration in excess of $30,000,000.

26. Plaintiff's purchase of the Replacement Property occurred less than two years after December 31, 1997, the close of Plaintiff's 1997 tax year in which it realized the receipt of the Payment, and thus within the time period set forth in Section 1033(a)(2)(A) and (B) of the Code.

27. The Replacement Property qualifies as property "similar or related in service or use" to the Agreement within the meaning of Section 1033(a)(2) of the Code.

28. Plaintiff properly elected to apply Section 1033 of the Code to the Payment on its 1997 Original Return and properly identified the Replacement Property on its 1999 federal income tax return, in accordance with Section 1033(a)(2)(A) and (B) of the Code.

29. On February 23, 2006, the Commissioner issued the Notice of Deficiency for Plaintiff's 1997 tax year in the amount of the Contested Tax. The Commissioner erroneously takes the position in the Notice of Deficiency that the Payment does not qualify for

nonrecognition under Section 1033(a)(2) of the Code. As a result of the increase in taxable income attributable to the inclusion of the Payment in Plaintiff's taxable income, the Notice of Deficiency adjusted Plaintiff's allowable contribution deductions and net operating loss carryover in 1997.

30. On May 23, 2006, Plaintiff paid the Contested Tax, plus the Interest Payment. Also on May 23, 2006, $4,726 of the Interest Payment was recharacterized as a civil penalty for failure to properly file a Form 1099 unrelated to the subject matter of this suit. On August 28, 2006, $773,028 of the Interest Payment was refunded. After subtracting such recharacterized and refunded interest payments from the Interest Payment, the payments made by Plaintiff with respect to interest on the Contested Tax equal $5,875,843.

31. On October 26, 2006, Plaintiff filed the 1997 Claim for Refund, with the Philadelphia Service Center. A true and correct copy of the 1997 Claim for Refund is attached to this Complaint as Exhibit 2.

32. On June 29, 2007, Plaintiff filed the Amended 1997 Claim for Refund, with the Philadelphia Service Center. A true and correct copy of the Amended 1997 Claim for Refund is attached to this Complaint as Exhibit 3.

33. On July 30, 2007, the IRS proposed a full disallowance of the claims in the 1997 Claim for Refund. The Commissioner has neither approved nor disallowed the Amended 1997 Claim for Refund. Pursuant to Section 6532 of the Code, the Amended 1997 Claim for Refund was deemed rejected by operation of law by the Commissioner on December 31, 2007.

34. As grounds for recovery of the amount claimed in the 1997 Claim for Refund and the Amended 1997 Claim for Refund, Plaintiff incorporates by reference the averments contained in the 1997 Claim for Refund and the Amended 1997 Claim for Refund.

35. As set forth in the 1997 Claim for Refund and the Amended 1997 Claim for Refund, Plaintiff is entitled to a refund of the entire income tax assessment and interest paid because the allegation raised by the Commissioner in the Notice of Deficiency that the Payment does not qualify for nonrecognition under Section 1033(a)(2) of the Code was erroneous and contrary to law.

36. The Commissioner erred in determining that additional income tax and interest is due from the Plaintiff under the assertion made by the Commissioner in the Notice of Deficiency that the Payment does not qualify for nonrecognition under Section 1033(a)(2) of the Code.

37. Plaintiff is the legal and beneficial owner of each of the 1997 Claim for Refund and the Amended 1997 Claim for Refund and has not assigned or transferred it, or any part thereof.

## IV.
## COUNT 2

**(Taxable Year Ending December 31, 1997)**

**(Protective Claim)**

38. Plaintiff incorporates by reference paragraphs 1 through 37 above.

39. In tax years 2001 and 2002, Plaintiff incurred net operating losses totaling $2,177,640 (the "NOLs").

40. Plaintiff did not elect to forego the carryback period under Section 172(d)(3) of the Code on its original returns for 2001 and 2002, and the NOLs are available to be carried back to 1996 and 1997, respectively. Plaintiff's 1996 taxable year was a loss year, and thus the NOLs would be carried back to 1997 if there is sufficient income to absorb the NOLs in 1997.

41. If Plaintiff succeeds on Count 1, Plaintiff cannot utilize any of the NOLs in 1997, but if Plaintiff is not successful, in whole or in part, on Count 1, then the NOLs can be utilized in its 1997 taxable years to the extent of available taxable income in 1997.

42. Since the outcome of Count 1 has yet to be determined by this Court, Plaintiff pleads in the alternative that, if Plaintiff is not successful, in whole or in part, on Count 1, the NOLs can be utilized in Plaintiff's 1997 taxable years to the extent of available taxable income in 1997.

43. On June 29, 2007, Plaintiff filed the Amended 1997 Claim for Refund, with the Philadelphia Service Center. A true and correct copy of the Amended 1997 Claim for Refund is attached to this Complaint as Exhibit 3.

44. The Commissioner has neither approved nor disallowed the Amended 1997 Claim for Refund. Pursuant to Section 6532 of the Code, the Amended 1997 Claim for Refund was deemed rejected by operation of law by the Commissioner on December 31, 2007.

45. Plaintiff is the legal and beneficial owner of the Amended 1997 Claim for Refund and has not assigned or transferred it, or any part thereof.

## V.
## PRAYER

**WHEREFORE,** Plaintiff hereby claims that (a) it is entitled to a refund of the $8,103,322.00 of income tax and the $5,875,843 of interest assessed and paid on its 1997 Claim for Refund, or such greater amount as is legally refundable, plus additional allowable interest and (b) an adjustment of its contribution deductions and net operating loss carryover to the extent the Commissioner's adjustment of such items is attributable to the inclusion of the Payment in Plaintiff's taxable income in 1997. In the alternative, Plaintiff claims that it is entitled to carry

all or a portion of the NOLs back to its 1997 tax year in the event that Plaintiff is unsuccessful on Count 1.

**WHEREFORE**, Plaintiff also requests the Court award costs, attorney's fees, and other relief the Court deems appropriate.

Dated: March 4, 2008

John W. Porter, Attorney of Record
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-2797 (FAX)

Richard A. Husseini, Of Counsel
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1678
(713) 229-2778 (FAX)

James L. Chenoweth, Of Counsel
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1151
(713) 229-7511 (FAX)

ATTORNEYS FOR PLAINTIFF
LAUREATE EDUCATION, INC.

**Exhibit 1**

**Tax Payments and Credits**
**Related to 1997 Original Return**

| **Description of Payment or Credit** | **Amount** | **Date of Payment** | **Location of Payment** |
|---|---|---|---|
| Credit from Plaintiff's 1996 Federal Income Tax Return | $13,508 | N/A | N/A |
| Taxes Paid by Plaintiff Accompanying its Form 7004 Extension | $1,500,000 | March 13, 1998 | Baltimore Office |
| Tax Due and Paid Pursuant to 1997 Original Return | $40,448 | September 15, 1998 | Baltimore Office |
| Penalty Unrelated to This Suit on 1997 Original Return | $1,133 | September 15, 1998 | Baltimore Office |
| Credit Carried Forward to Tax Year Ending December 31, 1998 | $1,471,927 | N/A | N/A |

# Exhibit 2

## 1997 Claim for Refund

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ December 1997 (Enter month and year.)

Please Type or Print

Name: Laureate Education, Inc. (f/k/a Sylvan Learning Systems, Inc.)

Employer identification number: 52 : 1492296

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1001 Fleet Street

City or town, state, and ZIP code: Baltimore, Maryland 21202

Telephone number (optional): ( 410 ) 843-6286

Enter name and address used on original return (If same as above, write "Same."): Sylvan Learning Systems, Inc.

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

**Fill in applicable items and use Part II on the back to explain any changes**

| **Part I** Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 230,308,035 | (30,000,000) | 200,308,035 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 203,858,682 | (3,550,647) | 200,308,035 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 26,449,353 | (26,449,353) | 0 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 8,143,770 | 8,103,322 | 40,448 |

**Payments and Credits** (see instructions)

| | | | | |
|---|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 5a | 13,508 | | 13,508 |
| b Estimated tax payments | 5b | | | |
| c Refund applied for on Form 4466 | 5c | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | | | |
| e Tax deposited with Form 7004 | 5e | 1,498,867 | | 1,498,867 |
| f Credit from Form 2439 | 5f | | | |
| g Credit for Federal tax on fuels | 5g | | | |

| | | |
|---|---|---|
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | 8,103,322 |
| 7 Add lines 5d through 6, column (c) | 7 | 9,615,597 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | 1,471,927 |
| 9 Subtract line 8 from line 7 | 9 | 8,143,770 |

**Tax Due or Overpayment** (see instructions)

| | | |
|---|---|---|
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "**United States Treasury**". ▶ | 10 | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 8,103,322 |
| 12 Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 8,103,322 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 10-26-06 Date | ▶ Asst Treasurer - VP-Tax Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no. ( )

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Cat. No. 11530Z Form **1120X** (Rev. 12-2004)

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part I, Line 1, column b - See Attached Exhibit A**

**Part I, Line 2, column b - Reduce charitable contribution deduction and Net Operating Loss carryforward due to income limitations. (Charitable Contribution: $2,954,373; Net Operation Loss: $596,274)**

**Part I, Line 4, column a - Tax computation**

| | |
|---|---|
| **Taxable Income - Part I, Line 3, column a** | **$26,449,353** |
| **Tax at 35%** | **$ 9,257,274** |
| **Foreign Tax Credit** | **($ 238,366)** |
| **General Business Credit** | **($ 167,829)** |
| **Minimum Tax Credit** | **($ 707,309)** |
| **Tax after credits** | **$ 8,143,770** |

**Part I, line 5e, was adjusted from $1,500,000 to $1,498,867 to account for penalty paid on original return of $1,133.**

LAUREATE EDUCATION, INC.

EXHIBIT "A"

Attached to and made a part of the Claim
for Refund (Form 1120X) for the
year ended December 31, 1997

**GROUNDS FOR CLAIM**

Laureate Education, Inc., successor to Sylvan Learning Systems, Inc. ("Claimant") asserts that it is entitled to a refund of taxes for the following reasons:

1. On March 12, 1997, Claimant entered into a definitive agreement (the "Agreement") with National Education Corporation ("NEC") to acquire all of the stock of NEC.

2. On April 14, 1997, the Board of Directors of Harcourt General, Inc. ("Harcourt") approved the commencement of a cash offer for all of the stock of NEC.

3. On April 21, 1997, Harcourt commenced the unsolicited cash tender offer for all of the outstanding common shares of NEC.

4. On May 12, 1997, Harcourt entered into an Agreement and Plan of Merger with NEC.

5. As a result of the actions of Harcourt and NEC, Claimant's Agreement was compulsorily or involuntarily destroyed on May 12, 1997.

6. In connection with the destruction of the Agreement, NEC paid Claimant $30,000,000 (the "Payment") on May 12, 1997.

7. On its original 1997 federal income tax return, Claimant did not include the Payment in its gross income on the basis that the Payment qualified for nonrecongition treatment under Section 1033(a)(2) of the Internal Revenue Code of 1986 as in effect for the relevant years (the "Code").

8. On December 29, 1999, Claimant acquired all of the stock of The Canter Group of Companies, a corporation, for consideration in excess of $30,000,000.

9. Claimant's acquisition of The Canter Group of Companies on December 29, 1999 qualifies as a purchase described under Section 1033(a)(2)(A) of the Code.

10. On February 23, 2006, the IRS issued a notice of deficiency for Claimant's 1997 tax year in the amount of $8,103,322 in tax (the "Contested Tax") on the basis that the Payment did not qualify for nonrecognition under Section 1033(a)(2) of the Code.

11. The notice of deficiency dated February 23, 2006 adjusted Claimant's allowable contribution deductions and net operating loss carryover in 1997 as a result of the increase in taxable income attributable to the inclusion of the Payment in taxable income.

12. On May 23, 2006, Claimant paid the Contested Tax, plus interest in the amount of $6,653,597, for a total payment of $14,756,919.

13. Because the Payment qualifies for nonrecognition treatment under Section 1033 of the Code, Claimant hereby seeks (i) a refund of the Contested Tax and interest in the amount of $14,746,919 and (ii) adjustment of its allowable contribution deductions and net operating loss carryover to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997.

WHEREFORE, Claimant hereby claims a refund of $14,756,919 in taxes and interest paid, or such greater sum as is legally refundable, plus additional allowable interest and adjustment of its contribution deductions and net operating loss carryover to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997.

## Exhibit 3

## Amended 1997 Claim for Refund

"As Amended"

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending December 1997 (Enter month and year.)

Please Type or Print

Name: Laureate Education, Inc. (f/k/a Sylvan Learning Systems, Inc.)

Employer identification number: 52 : 1492296

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1001 Fleet Street

City or town, state, and ZIP code: Baltimore, Maryland 21202

Telephone number (optional): ( 410 ) 843-6286

Enter name and address used on original return (If same as above, write "Same."): Sylvan Learning Systems, Inc.

Internal Revenue Service Center where original return was filed: Philadelphia, PA

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I** Income and Deductions (see instructions)

| | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 230,308,035 | (30,000,000) | 200,308,035 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 203,858,682 | (3,550,647) | 200,308,035 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 26,449,353 | (26,449,353) | 0 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 8,143,770 | 8,103,322 | 40,448 |

**Payments and Credits** (see instructions)

| | | (a) | (b) | (c) |
|---|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 5a | 13,508 | | 13,508 |
| b Estimated tax payments | 5b | | | |
| c Refund applied for on Form 4466 | 5c | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | | | |
| e Tax deposited with Form 7004 | 5e | 1,498,867 | | 1,498,867 |
| f Credit from Form 2439 | 5f | | | |
| g Credit for Federal tax on fuels | 5g | | | |

| | | |
|---|---|---|
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | 8,103,322 |
| 7 Add lines 5d through 6, column (c) | 7 | 9,615,597 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | 1,471,927 |
| 9 Subtract line 8 from line 7 | 9 | 8,143,770 |

**Tax Due or Overpayment** (see instructions)

| | | |
|---|---|---|
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" | 10 | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 | 11 | 8,103,322 |
| 12 Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ Refunded ▶ | 12 | 8,103,322 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: [signature] Date: 6-29-07 Title: Assistant Secretary

**Paid Preparer's Use Only**

Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code | EIN | Phone no. ( )

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Cat. No. 11530Z Form 1120X (Rev. 12-2004)

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . ▶ ☐

Part I, Line 1, column b - See Attached Exhibit A

Part I, Line 2, column b - Reduce charitable contribution deduction and Net Operating Loss carryforward due to income limitations. (Charitable Contribution: $2,954,373; Net Operation Loss: $596,274)

Part I, Line 4, column a - Tax computation

| | |
|---|---|
| Taxable Income - Part I, Line 3, column a | $26,449,353 |
| Tax at 35% | $ 9,257,274 |
| Foreign Tax Credit | ($ 238,366) |
| General Business Credit | ($ 167,829) |
| Minimum Tax Credit | ($ 707,309) |
| Tax after credits | $ 8,143,770 |

Part I, line 5e, was adjusted from $1,500,000 to $1,498,867 to account for penalty paid on original return of $1,133.

**DRAFT OF MAY 25, 2006**

LAUREATE EDUCATION, INC.

EXHIBIT "A"

Attached to and made a part of the Claim
for Refund (Form 1120X) for the
year ended December 31, 1997

**AMENDED GROUNDS FOR CLAIM**

Laureate Education, Inc., successor to Sylvan Learning Systems, Inc. ("Claimant") asserts that it is entitled to a refund of taxes for the following reasons:

1. On March 12, 1997, Claimant entered into a definitive agreement (the "Agreement") with National Education Corporation ("NEC") to acquire all of the stock of NEC.

2. On April 14, 1997, the Board of Directors of Harcourt General, Inc. ("Harcourt") approved the commencement of a cash offer for all of the stock of NEC.

3. On April 21, 1997, Harcourt commenced the unsolicited cash tender offer for all of the outstanding common shares of NEC.

4. On May 12, 1997, Harcourt entered into an Agreement and Plan of Merger with NEC.

5. As a result of the actions of Harcourt and NEC, Claimant's Agreement was compulsorily or involuntarily destroyed on May 12, 1997.

6. In connection with the destruction of the Agreement, NEC paid Claimant $30,000,000 (the "Payment") on May 12, 1997.

7. On its original 1997 federal income tax return, Claimant did not include the Payment in its gross income on the basis that the Payment qualified for nonrecongition treatment under Section 1033(a)(2) of the Internal Revenue Code of 1986 as in effect for the relevant years (the "Code").

8. On December 29, 1999, Claimant acquired all of the stock of The Canter Group of Companies, a corporation, for consideration in excess of $30,000,000.

9. Claimant's acquisition of The Canter Group of Companies on December 29, 1999 qualifies as a purchase described under Section 1033(a)(2)(A) of the Code.

10. On February 23, 2006, the IRS issued a notice of deficiency for Claimant's 1997 tax year in the amount of $8,103,322 in tax (the "Contested Tax") on the basis that the Payment did not qualify for nonrecognition under Section 1033(a)(2) of the Code.

11. The notice of deficiency dated February 23, 2006 adjusted Claimant's allowable contribution deductions and net operating loss carryover in 1997 as a result of the increase in taxable income attributable to the inclusion of the Payment in taxable income.

12. On May 23, 2006, Claimant paid the Contested Tax, plus interest in the amount of $6,653,597, for a total payment of $14,756,919.

13. Because the Payment qualifies for nonrecognition treatment under Section 1033 of the Code, Claimant hereby seeks (i) a refund of the Contested Tax and interest in the amount of $14,756,919 and (ii) adjustment of its allowable contribution deductions and net operating loss carryover to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997.

GROUNDS OF PROTECTIVE CLAIM

14. As a protective claim in addition to the claim set forth above, in tax years 2001 and 2002, Claimant incurred net operating losses ("NOLs") in the amount of $2,177,640. Claimant did not elect to forego the carryback period under IRC § 172(d)(3) on its original returns for those years. The NOLs for 2001 and 2002 are available to be carried back to 1996 and 1997, respectively. However, 1996 was also a loss year and, thus, the NOLs for 2001 and 2002 years would then be carried back to 1997 (assuming there is sufficient income to absorb the NOLs in 1997).

15. For the 1997 tax year, Claimant is filing the above described refund claim. If Claimant prevails on this claim, Claimant cannot utilize any of its NOLs from its 2001 and 2002 years in 1997. If Claimant is not successful (in whole or in part) on this refund claim, then such NOLs can be utilized in its 1997 tax years to the extent of available taxable income in 1997.

16. Since the outcome of Claimant's above described claim for refund for its 1997 tax year is not known at this time, Laureate hereby is filing this protective carry back of its 2001 and 2002 NOLs to its 1997 tax year so to preserve its right to carry all or a portion of these NOLs back to its 1997 tax year in the event that its above described refund claim it is not successful (in whole or in part).

WHEREFORE, Claimant hereby claims a refund of $14,756,919 in taxes and interest paid, or such greater sum as is legally refundable, plus additional allowable interest and adjustment of its contribution deductions and net operating loss carryover to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997. On a protective basis, Claimant hereby also claims a refund of taxes and

interest paid based on the utilization of all or a portion of its NOLs from 2001 and 2002 in 1997, or such greater amount as is legally refundable, plus additional allowable interest and adjustment of its contribution deductions and net operating loss carryover to the extent the IRS' adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997.

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ December 1997 (Enter month and year.)

Please Type or Print

Name: Laureate Education, Inc. (f/k/a Sylvan Learning Systems, Inc.)

Employer identification number: 52 ; 1492296

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1001 Fleet Street

City or town, state, and ZIP code: Baltimore, Maryland 21202

Telephone number (optional): ( 410 ) 843-6286

Enter name and address used on original return (If same as above, write "Same."): Sylvan Learning Systems, Inc.

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

**Fill in applicable items and use Part II on the back to explain any changes**

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE
PHILADELPHIA PA 19255 0015

| | | |
|---|---|---|
| Postage | $ $0.63 | 07 |
| Certified Fee | $2.40 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | 10/27/2006 |
| Total Postage & Fees | $ $4.88 | |

Sent To: Internal Revenue Service Center
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: Philadelphia, PA 19255-0012
PS Form 3800, June 2002 See Reverse for Instructions

**Part I** ... instructions)

| | Line | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1) | 1 | 230,308,035 | (30,000,000) | 200,308,035 |
| Form 1120, | 2 | 203,858,682 | (3,550,647) | 200,308,035 |
| | 3 | 26,449,353 | (26,449,353) | 0 |
| 27) | 4 | 8,143,770 | 8,103,322 | 40,448 |
| | 5a | 13,508 | | 13,508 |
| | 5b | | | |
| | 5c | | | |
| | 5d | | | |
| | 5e | 1,498,867 | | 1,498,867 |
| | 5f | | | |
| | 5g | | | |

| | | | |
|---|---|---|---|
| 6 | ... with (or after) the filing of the original return | 6 | 8,103,322 |
| 7 | Add lines 5d through 6, column (c) | 7 | 9,615,597 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | 1,471,927 |
| 9 | Subtract line 8 from line 7 | 9 | 8,143,770 |

**Tax Due or Overpayment** (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury". ▶ | 10 | 0 |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 8,103,322 |
| 12 | Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 8,103,322 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer — Date — ▶ Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no. ( )

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Cat. No. 11530Z Form **1120X** (Rev. 12-2004)

Form **1120X** (Rev. December 2004) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ December 1997 (Enter month and year.)

Please Type or Print

Name: Laureate Education, Inc. (f/k/a Sylvan Learning Systems, Inc.)

Employer identification number: 52 ; 1492296

Number, street, and room or suite no. (If a P.O. box, see instructions.): 1001 Fleet Street

City or town, state, and ZIP code: Baltimore, Maryland 21202

Telephone number (optional): ( 410 ) 843-6286

Enter name and address used on original return (If same as above, write "Same."): Sylvan Learning Systems, Inc.

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in applicable items and use Part II on the back to explain any changes

**Part I** **Income and Deductions** (see instructions)

| | | Line | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | 230,308,035 | (30,000,000) | 200,308,035 |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 203,858,682 | (3,550,647) | 200,308,035 |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 26,449,353 | (26,449,353) | 0 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 8,143,770 | 8,103,322 | 40,448 |

**Payments and Credits** (see instructions)

| | | Line | (a) | (b) | (c) |
|---|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | 13,508 | | 13,508 |
| b | Estimated tax payments | 5b | | | |
| c | Refund applied for on Form 4466 | 5c | | | |
| d | Subtract line 5c from the sum of lines 5a and 5b | 5d | | | |
| e | Tax deposited with Form 7004 | 5e | 1,498,867 | | 1,498,867 |
| f | Credit from Form 2439 | 5f | | | |
| g | Credit for Federal tax on fuels | 5g | | | |

| | | Line | Amount |
|---|---|---|---|
| 6 | Tax deposited or paid with (or after) the filing of the original return | 6 | 8,103,322 |
| 7 | Add lines 5d through 6, column (c) | 7 | 9,615,597 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | 1,471,927 |
| 9 | Subtract line 8 from line 7 | 9 | 8,143,770 |

**Tax Due or Overpayment** (see instructions)

| | | Line | Amount |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the **"United States Treasury"**. ▶ | 10 | 0 |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 8,103,322 |
| 12 | Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 8,103,322 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer Date ▶ Title

**Paid Preparer's Use Only**

Preparer's signature ▶ Date Check if self-employed ☐ Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ EIN Phone no. ( )

For Privacy Act and Paperwork Reduction Act Notice, see page 4. Cat. No. 11530Z Form **1120X** (Rev. 12-2004)

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . ▶ ☐

Part I, Line 1, column b - See Attached Exhibit A

Part I, Line 2, column b - Reduce charitable contribution deduction and Net Operating Loss carryforward due to income limitations. (Charitable Contribution: $2,954,373; Net Operation Loss: $596,274)

Part I, Line 4, column a - Tax computation

| | |
|---|---|
| Taxable Income - Part I, Line 3, column a | $26,449,353 |
| Tax at 35% | $ 9,257,274 |
| Foreign Tax Credit | ($ 238,366) |
| General Business Credit | ($ 167,829) |
| Minimum Tax Credit | ($ 707,309) |
| Tax after credits | $ 8,143,770 |

Part I, line 5e, was adjusted from $1,500,000 to $1,498,867 to account for penalty paid on original return of $1,133.

LAUREATE EDUCATION, INC.

EXHIBIT "A"

Attached to and made a part of the Claim
for Refund (Form 1120X) for the
year ended December 31, 1997

**GROUNDS FOR CLAIM**

Laureate Education, Inc., successor to Sylvan Learning Systems, Inc. ("Claimant") asserts that it is entitled to a refund of taxes for the following reasons:

1. On March 12, 1997, Claimant entered into a definitive agreement (the "Agreement") with National Education Corporation ("NEC") to acquire all of the stock of NEC.

2. On April 14, 1997, the Board of Directors of Harcourt General, Inc. ("Harcourt") approved the commencement of a cash offer for all of the stock of NEC.

3. On April 21, 1997, Harcourt commenced the unsolicited cash tender offer for all of the outstanding common shares of NEC.

4. On May 12, 1997, Harcourt entered into an Agreement and Plan of Merger with NEC.

5. As a result of the actions of Harcourt and NEC, Claimant's Agreement was compulsorily or involuntarily destroyed on May 12, 1997.

6. In connection with the destruction of the Agreement, NEC paid Claimant $30,000,000 (the "Payment") on May 12, 1997.

7. On its original 1997 federal income tax return, Claimant did not include the Payment in its gross income on the basis that the Payment qualified for nonrecongition treatment under Section 1033(a)(2) of the Internal Revenue Code of 1986 as in effect for the relevant years (the "Code").

8. On December 29, 1999, Claimant acquired all of the stock of The Canter Group of Companies, a corporation, for consideration in excess of $30,000,000.

9. Claimant's acquisition of The Canter Group of Companies on December 29, 1999 qualifies as a purchase described under Section 1033(a)(2)(A) of the Code.

10. On February 23, 2006, the IRS issued a notice of deficiency for Claimant's 1997 tax year in the amount of $8,103,322 in tax (the "Contested Tax") on the basis that the Payment did not qualify for nonrecognition under Section 1033(a)(2) of the Code.

11. The notice of deficiency dated February 23, 2006 adjusted Claimant's allowable contribution deductions and net operating loss carryover in 1997 as a result of the increase in taxable income attributable to the inclusion of the Payment in taxable income.

12. On May 23, 2006, Claimant paid the Contested Tax, plus interest in the amount of $6,653,597, for a total payment of $14,756,919.

13. Because the Payment qualifies for nonrecognition treatment under Section 1033 of the Code, Claimant hereby seeks (i) a refund of the Contested Tax and interest in the amount of $14,746,919 and (ii) adjustment of its allowable contribution deductions and net operating loss carryover to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997.

WHEREFORE, Claimant hereby claims a refund of $14,756,919 in taxes and interest paid, or such greater sum as is legally refundable, plus additional allowable interest and adjustment of its contribution deductions and net operating loss carryover to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Claimant's taxable income in 1997.