**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAUREATE EDUCATION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08-132 T** |
| **v.** | ) | **The Honorable Nancy B. Firestone** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant, the United States, by way of Answer to the Complaint in the above-captioned case, respectfully denies each and every allegation set out therein not admitted below.

Defendant further:

1. Admits the allegations contained in paragraph 1.

2. Admits the allegation contained in paragraph 2.

3. Admits the allegations contained in paragraph 3, except denies that any amount of tax or interest has been erroneously or illegally assessed against or collected from plaintiff.

4. Admits that jurisdiction, if it exists, is by virtue of 28 U.S.C. § 1491.

5. Avers that the allegation contained in paragraph 5 is a legal conclusion, to which no response is required.

6. Admits the allegations contained in the first sentence of paragraph 6, except the allegation of timely filing, which is a legal conclusion, to which no response is required. Admits the allegations contained in the second sentence of paragraph 6, except avers that on or before the

due date of the return plaintiff had paid $1,513,508. Admits the remaining allegation contained in paragraph 6.

7. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 7. Admits the allegations contained in the second sentence of paragraph 7.

8. - 10. Admits the allegations contained in paragraphs 8 through 10.

11. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12, as well as the authenticity of Exhibit 2, except denies each and every allegation contained therein not otherwise admitted herein, and avers that the document was mailed on October 27, 2006, and received October 30, 2006.

13. Admits the allegations contained in the first sentence of paragraph 13. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14, as well as the authenticity of Exhibit 3, except denies each and every allegation contained therein not otherwise admitted herein, and avers that the allegation that the document amended the “1997 Claim for Refund” is a legal conclusion, to which no response is required.

15. Admits that more than six months have elapsed since the “Amended 1997 Claim for Refund” was filed. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16. Avers that the allegations contained in paragraph 16 are legal conclusions, to which no response is required.

17. Incorporates by reference paragraphs 1 through 16, above.

18.- 21. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18 through 21.

22. Avers that the allegations contained in paragraph 22 are legal conclusions, to which no response is required.

23. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Avers that the allegations contained in paragraph 24 are legal conclusions, to which no response is required.

25. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. - 28. Avers that the allegations contained in paragraphs 26 through 28 are legal conclusions, to which no response is required.

29. Admits the allegations contained in paragraph 29, except denies that such position is erroneous.

30. Admits the allegations contained in paragraph 30, except avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence thereof.

31. Admits the allegations contained in paragraph 31, as well as the authenticity of Exhibit 2, except denies each and every allegation contained therein not otherwise admitted

herein, and avers that the document was mailed on October 27, 2006, and received October 30, 2006.

32. Admits the allegations contained in paragraph 32, as well as the authenticity of Exhibit 3, except denies each and every allegation contained therein not otherwise admitted herein.

33. Admits the allegations contained in the first sentence of paragraph 33. Admits that the Commissioner has not allowed the "Amended 1997 Claim for Refund," and avers that it is without knowledge or information sufficient for form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 33. Avers that the allegation contained in the last sentence of paragraph 33 is a legal conclusion, to which no response is required.

34. Admits that paragraph 34 includes a statement of plaintiff's claim, except denies each and every allegation incorporated from the claims for refund not otherwise admitted herein.

35. - 36. Denies the allegations contained in paragraphs 35 and 36.

37. Avers that the allegations contained in paragraph 37 are legal conclusions to which no response is required.

38. Incorporates by reference paragraphs 1 through 37, above.

39. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 40. Avers that the allegations contained in the second sentence of paragraph 40 are legal conclusions to which no response is required.

41. Avers that the allegations contained in paragraph 41 are legal conclusions to which no response is required.

42. Admits that paragraph 42 includes a statement of plaintiff's claim.

43. Admits the allegations contained in paragraph 43, as well as the authenticity of Exhibit 3, except denies every allegation contained therein not otherwise admitted herein.

44. Admits that the Commissioner has not allowed the "Amended 1997 Claim for Refund," and avers that it is without knowledge or information sufficient for form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 44. Avers that the allegation contained in the last sentence of paragraph 44 is a legal conclusion, to which no response is required.

45. Avers that it is without knowledge or information sufficient for form a belief as to the truth of the allegations contained in paragraph 45.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Phone: (202) 307-0503*
*Fax: (202) 514-9440*
*william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Reviewer*

June 19, 2008

s/ Steven I. Frahm
Of Counsel