**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAUREATE EDUCATION, INC.** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08-132 T** |
| **V.** | ) | **The Honorable Nancy B. Firestone** |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff, Laureate Education, Inc., and Defendant, the United States, hereby submit this Joint Preliminary Status Report.

a. *Does the court have jurisdiction over the action?*

Defendant has not identified any jurisdictional defects in this action. Plaintiff believes the Court has jurisdiction.

b. *Should the case be consolidated with any other case and, if so, why?*

The parties believe that this case should not be consolidated with any other case.

c. *Should trial of liability and damages be bifurcated and, if so, why?*

The parties propose that the trial and/or dispositive motions relating to the Plaintiff's right to recover overpayments of tax should be bifurcated from the trial and/or dispositive motions relating to the determination of the amount of any such recovery. If the Court

determines that Plaintiff is entitled to recover, then the parties propose that they be given a reasonable period of time to enter into a stipulation as to the amount of such payment. If within that time period the parties find they cannot so stipulate, then the Court would be asked to resolve any dispute over the amount owed.

d. *Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?*

The parties agree that this case should not be deferred pending the resolution of any other cases.

e. *In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?*

This is a tax refund action.

f. *Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.*

The parties know of no additional parties to be joined.

g. *Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?*

Plaintiff anticipates filing a summary judgment motion under RCFC 56. Assuming the parties can reach agreement on stipulated facts, Plaintiff anticipates filing its motion on or before

November 21. If a stipulation of facts cannot be reached, Plaintiff may wait until discovery is completed before filing the motion.

h. *What are the relevant factual and legal issues?*

The issue in a tax refund suit is whether a plaintiff can establish that it overpaid its taxes in the year in issue. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The Complaint raised the following subsidiary issues:

(1) The characterization of a $30,000,000 payment (the "Payment") received by Plaintiff from National Education Corporation ("NEC") in 1997. Plaintiff's position is that the Payment qualified for nonrecognition treatment under Section 1033(a)(2) of the Internal Revenue Code because Plaintiff's agreement with NEC was compulsorily or involuntarily destroyed and the acquisition of the Canter Group of Companies qualified as a purchase described under Section 1033(a)(2)(A) of the Code. The Government's position is that the transaction did not qualify for nonrecognition treatment under Section 1033(a)(2).

(2) The allowable contribution deductions and net operating loss carryover as a result of the inclusion of the Payment in Plaintiff's taxable income in 1997. Plaintiff's position is that the favorable resolution of the issues set forth in its Complaint now pending before the Court necessitates an adjustment of such items to the extent the IRS's adjustment of such items is attributable to the inclusion of the Payment in Plaintiff's taxable income in 1997. The Government believes that this is a computational issue, the resolution of which should follow mechanically from resolution of the main issue.

(3) The carryback of net operating losses incurred in 2001 and 2002 totaling $2,177,640 (the "NOLs") to 1997. Plaintiff's position is that if Plaintiff is not successful (in whole or in part) on its refund claim related to the inclusion of the Payment in income in 1997, the NOLs can be utilized in its 1997 tax years to the extent of available taxable income in 1997. The Government believes that this is a computational issue, the resolution of which should follow mechanically from resolution of the main issue.

i. *What is the likelihood of settlement? Is alternative dispute resolution contemplated?*

The parties submit that it is too early to determine a likelihood of settlement. The parties intend to further explore the possibility of settlement as the case progresses. The parties will also continue to consider Alternative Dispute Resolution techniques as the case progresses.

j. *Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?*

In the event that the case cannot be settled or resolved by dispositive motion(s), a trial would be necessary. In the event that the Court (a) held for Plaintiff on one or more of the substantive issues, and (b) the parties found themselves unable to stipulate as to the tax consequences that flowed from the Court's holding, a separate proceeding would be necessary to determine the amount of recovery to which Plaintiff is entitled. See ¶ c, supra.

k. *Are there special issues regarding electronic case management needs?*

The parties are unaware of any special issues regarding electronic case management needs.

l. *Is there other information of which the court should be aware at this time?*

The parties have no additional information to bring to the Court's attention at this time. The parties propose that discovery be completed within 6 months, on or before January 31, 2009.

Respectfully submitted,

Dated: August 7, 2008

s/ John W. Porter

JOHN W. PORTER
Attorney of Record
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-2797 (FAX)

RICHARD A. HUSSEINI
Of Counsel
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1678
(713) 229-2778 (FAX)

JAMES L. CHENOWETH
Of Counsel
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1151
(713) 229-7511 (FAX)

ATTORNEYS FOR PLAINTIFF
LAUREATE EDUCATION, INC.

Respectfully submitted,

Dated: August 7, 2008

s/ W.C. Rapp
W.C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Phone: (202) 307-0503*
*Fax: (202) 514-9440*
*william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
STEVEN I. FRAHM
*Acting Chief, Court of Federal Claims Section*

s/ Nathan J. Hochman
Of Counsel

ATTORNEYS FOR DEFENDANT
THE UNITED STATES